IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEVI MARIA SCHMIDT, as Limited Guardian of
JOHN CARRILLO, an incapacitated person,
KAREN CARRILLO, JOHN CARRILLO, JR., and
ASHLEY CARRILLO,

        Plaintiffs,

vs.                                                    1:18-cv-00663-KBM-LF

ANTHONY SHIFFLETT, NEW BERN
TRANSPORT CORPORATION, a foreign profit
corporation, PEPSICO, INC., a foreign profit
corporation, and ACE AMERICAN INSURANCE
COMPANY,

        Defendants.

**ORDER GRANTING**
**MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

THIS MATTER comes before the Court on plaintiffs Devi Maria Schmidt, John Carrillo, Karen Carrillo, John Carrillo, Jr., and Ashley Carrillo's Motion to Compel Discovery and for Sanctions, filed May 30, 2019. Doc. 83. Defendants filed their response on June 28, 2019. Doc. 103. Plaintiffs filed their reply on July 8, 2019. Doc. 104. Having read the parties' submissions and reviewed the relevant law, the Court finds the motion is well taken and will GRANT it.

1. **Disclosure of Entire Insurance Policy**

In their motion, plaintiffs request that the Court compel defendants to produce all insurance policies, including the declarations pages,[1] that are applicable to this case pursuant to

---

[1] "In the insurance policy context, the 'dec' or 'declarations' page refers to the front page (or pages) of a policy that specifies the named insured, address, policy period, location of premises, policy limits, and other key information that varies from insured to insured. The declarations page is also known as the information page." *Bhasker v. Kemper Cas. Ins. Co.*, 361 F. Supp. 3d 1045, 1078 n.7 (D.N.M. 2019) (internal citations, quotations, and brackets omitted).

the Federal Rules of Civil Procedure and plaintiffs' discovery requests. Doc. 83 at 4. Defendants already have produced the declarations pages, which they contend are sufficient under the circumstances of this case. Doc. 103 at 1. Plaintiffs initially agreed that providing the dec pages was sufficient. *Id*. Now, however, plaintiffs believe that the full insurance policies will "further impugn Defendant PepsiCo as a proper party defendant at interest to this case." Doc. 104 at 3. Defendants did not object to plaintiffs' discovery requests to produce the entire insurance policy in their response to plaintiffs' discovery requests. Doc. 83-2. Moreover, defendants concede that "if there is an issue about coverage or a reservation of rights, the entire policy should be produced," and they recognize the mandatory nature of disclosing the entire policy. Doc. 103 at 2.

Both Rule 26 and the governing case law require disclosure of the entire insurance policy. Federal Rule of Civil Procedure 26 requires that as an initial disclosure a party produce "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." FED. R. CIV. P. 26(a)(1)(A)(iv). The rule does not limit the disclosure to the dec pages, and the defendants have not provided any explanation why the entire policy should not be disclosed. Further, the disclosure of the dec pages generally is insufficient to satisfy a party's obligation under Rule 26. *See Henderson v. Zurn Indus., Inc.*, 131 F.R.D. 560, 563 (S.D. Ind. 1990); *Garcia v. Techtronic Indus. N. Am., Inc.*, No. 2:13-CV-05884 MCA, 2015 WL 1880544, at *4 (D.N.J. Apr. 22, 2015).

Because both Rule 26 and case law require the disclosure of the entire insurance policy, not just the declarations pages, and because defendants did not object to the disclosure of the entire insurance policy, the Court grants the motion with regard to disclosure of the entire policy.

**2. Rule 37 Sanctions**

When a motion to compel is granted, the Federal Rules of Civil Procedure require the Court to pay the movant's reasonable expenses incurred in making the motion unless the moving failed to make a good faith effort to obtain the discovery without court action, the nondisclosure or objection was substantially justified, or other circumstances make an award unjust. FED. R. CIV. P. 37 (a)(5)(A)(i–iii). Here, the motion to compel is granted and there are no exceptions that make an award of sanctions unjust. Accordingly, the Court grants plaintiffs' request for sanctions.

IT IS THEREFORE ORDERED that plaintiffs' Motion to Compel Discovery and for Sanctions (Doc. 83) is GRANTED.

Defendants will produce all insurance policies and declarations pages applicable to this case no later than Tuesday, August 20, 2019.

Plaintiffs will submit a cost bill for the reasonable expenses incurred in making this motion no later than August 20, 2019, and defendants will file any objections to the reasonableness of plaintiffs' requested fees no later than August 27, 2019, absent a request showing good cause for an extension.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge